# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON REED, ) | CV 04-10257-E |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JO ANNE B. BARNHART, COMMISSIONER ) | **AND ORDER OF REMAND** |
| OF SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

## PROCEEDINGS

Plaintiff filed a complaint on December 28, 2004, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on January 21, 2005.

1    Plaintiff filed a motion for summary judgment on June 3, 2005.
2 Defendant filed a motion for summary judgment on August 15, 2005.
3 The Court has taken both motions under submission without oral
4 argument.  See L.R. 7-15; "Order," filed January 7, 2005.

## BACKGROUND

8    Plaintiff, a former clerk, asserts that alleged physical and
9 mental impairments disabled her beginning October 13, 2000
10 (Administrative Record ("A.R.") 47-63, 91-93).  Plaintiff has
11 undergone mental health treatment since July 31, 2002 (A.R. 298). At
12 that time, Plaintiff's global assessment of functioning ("GAF") was
13 rated at 50.  Id.  Dr. Daderian, Plaintiff's treating physician,
14 opined Plaintiff's physical problems would substantially impair or
15 interfere with her mobility from November 24, 2001 through at least
16 November 26, 2002 (A.R. 179).

18    The Administrative Law Judge ("ALJ") found Plaintiff has no
19 severe mental impairment and has no walking limitations (A.R. 21).
20 The ALJ did not mention Dr. Daderian's opinion (A.R. 12-22).  The
21 Appeals Council denied review (A.R. 4-6).

## STANDARD OF REVIEW

25    Under 42 U.S.C. section 405(g), this Court reviews the
26 Commissioner's decision to determine if: (1) the Commissioner's
27 findings are supported by substantial evidence; and (2) the
28 Commissioner used proper legal standards.  See Swanson v. Secretary,

1  763 F.2d 1061, 1064 (9th Cir. 1985).

**DISCUSSION**

Social Security Ruling ("SSR") 85-28[1] governs the evaluation of whether an alleged impairment is "severe":

> An impairment or combination of impairments is found 'not severe' . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work . . . i.e., the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities . . .
>
> Great care should be exercised in applying the not severe impairment concept.  If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step.
>
> If such a finding [of non-severity] is not clearly established by medical evidence, however, adjudication

---

[1]  Social Security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

3

        must continue through the sequential evaluation process. SSR 85-28 at 22-23.

See also Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (the severity concept is "a de minimis screening device to dispose of groundless claims").

In the present case, the medical evidence does not "clearly establish []" the non-severity of Plaintiff's alleged mental impairments. A GAF of 50 suggests mental impairments having "more than a minimal effect" on an individual's ability to perform basic work activities. See Pollard v. Halter, 377 F.3d 183, 186 n.1 (2nd Cir. 2004) ("A GAF range of 41-50 indicates that the individual has a 'serious impairment in one of the following: social, occupational, or school functioning'"). The ALJ cited medical evidence stating that Plaintiff "had no more than moderate mental function limitations initially" (A.R. 19), but this evidence does not "clearly establish" that the limitations are slight or minimal. "The Social Security regulations do not define 'moderate.'" Martinez v. Barnhart, 2003 WL 22736530 *4 (W.D. Tex. Nov. 17, 2003). Social Security case law suggests varying definitions. Id. at **3-4 (and cases cited therein). Accordingly, the ALJ erred in finding Plaintiff's alleged mental problems non-severe.

The ALJ also erred by rejecting without explanation the opinion of Dr. Daderian. A treating physician's conclusions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989)

("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion . . . This is especially true when the opinion is that of a treating physician") (citation omitted).  Even where the treating physician's opinions are contradicted,[2] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriquez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting the treating physician's opinions do not suffice); Embrey v. Bowen, 849 F.2d at 421 ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required . . .").

Section 404.1512(e) of 20 C.F.R. provides that the Administration "will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all of the necessary information, or does not appear to be

---

[2] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

based on medically acceptable clinical and laboratory diagnostic techniques." See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) ("If the ALJ thought he needed to know the basis of Dr. Hoeflich's opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them. He could also have continued the hearing to augment the record") (citations omitted); see also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered").

In the present case, the ALJ stated no reason whatsoever for rejecting Dr. Daderian's opinion. Defendant now suggests various reasons, including the allegedly unsupported, conclusory nature of the opinion, and the opinion's asserted temporal limitation. However, the Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) ("Thus, if the Commissioner's contention invites this Court to affirm the denial of benefits on a ground not invoked by the Commissioner in denying the benefits originally, then we must decline"); see Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (district court cannot affirm on the basis of evidence the ALJ failed to discuss); Barbato v. Commissioner, 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996) (and cases cited therein) (the Administration's decision "must stand or fall with the reason set forth in the ALJ's decision, as adopted by the Appeals Council"). Moreover, the asserted temporal limitation is prospective and not necessarily precise. Further, authorities such

as Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) and section 404.1512(e) of 20 C.F.R. suggest that, under the circumstances of the present case, further inquiry of the treating physician should precede a final determination of whether the treating physician's opinion is not adequately explained or supported.

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).

The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not compel a reversal rather than a remand of the present case. In Harman, the Ninth Circuit stated that improperly rejected medical opinion evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Harman at 1178 (citations and quotations omitted). Assuming, arguendo, the Harman holding survives the

Supreme Court's decision in INS v. Ventura, 537 U.S. 12, 16 (2002),[3/] the Harman holding does not direct reversal of the present case. Here, the Administration should contact Dr. Daderian concerning "outstanding issues that must be resolved before a determination of disability can be made." Further, it is not clear from the record that the ALJ would be required to find Plaintiff disabled for the entire claimed period of disability were the opinion of Dr. Daderian credited.

**CONCLUSION**

For all of the foregoing reasons,[4/] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  September 7, 2005.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3/]  The Ninth Circuit has continued to apply Harman despite INS v. Ventura. See Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

[4/]  The Court has not reached any other issue raised by Plaintiff except insofar as to determine that Plaintiff's arguments in favor of reversal rather than remand are unpersuasive.